# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

Ryan Hawk,

                Plaintiff,

                                              Case No. 22-CV-64

v.

Tracy Thompson, *et al.*,

                Defendants.

## ORDER

      Ryan Hawk, a prisoner who is currently representing himself, has filed a civil action. Hawk has also filed a motion for leave to proceed without prepaying the full filing fee, or to proceed *in forma pauperis*. The cost of filing a civil action in federal court is $402.00, which includes the $350.00 statutory filing fee and a $52.00 administrative fee. The $52.00 administrative fee does not apply to persons granted *in forma pauperis* status. Under the Prison Litigation Reform Act (PLRA), prisoner plaintiffs who bring a civil action must pay the statutory filing fee of $350. *See* 28 U.S.C. § 1915(b)(1). Prisoner plaintiffs proceeding without prepayment of the filing fee (*in forma pauperis*) may pay that fee over time. *See* 28 U.S.C. § 1915(b)(2).

      Under the PLRA, the court must assess an initial partial filing fee of twenty percent of the average monthly deposits to the plaintiff's account or average monthly balance in the plaintiff's prison trust account for the six-month period immediately preceding the filing of the complaint, whichever is greater. 28 U.S.C. § 1915(b)(1) After the initial partial filing fee is paid, the plaintiff must make monthly payments of twenty percent of the preceding month's

income until the filing fee is paid in full. 28 U.S.C. ' 1915(b)(2). AThe agency having custody of the prisoner shall forward payments from the prisoner's account to the Clerk of the Court each time the amount in the account exceeds $10 until the filing fees are paid.@ *Id.* The amount of the filing fee can be recovered as part of the costs of the action in the event the plaintiff ultimately prevails.

Hawk filed a certified copy of his prisoner trust account statement for the six-month period immediately preceding the filing of the complaint as required under 28 U.S.C. ' 1915(a)(2). A review of this information reveals that, for the six-month period immediately preceding the filing of the complaint, the average monthly deposit in Hawk's prison trust account was $179.07 and the average monthly balance to the account was $92.81. Thus, in accordance with the provisions of 28 U.S.C. ' 1915(b)(1), Hawk is required to pay an initial partial filing fee of **$35.81**.

The PLRA also provides that, if a prisoner files three or more actions or appeals which are dismissed as frivolous, malicious, or for failure to state a claim upon which relief can be granted, the plaintiff will be prohibited from bringing any other actions *in forma pauperis* unless the plaintiff is in imminent danger of serious physical injury. 28 U.S.C. ' 1915(g). In the event this action is later dismissed for any of the above reasons, it may have an impact on the plaintiff's ability to bring other actions *in forma pauperis*. The court will not screen the complaint until the plaintiff pays the initial partial filing fee. Accordingly, Hawk will be afforded an opportunity to voluntarily dismiss this action to avoid incurring a "strike" under § 1915(g).

2

**Notice to Plaintiff.** If you do not wish to proceed with this action to avoid incurring a "strike" under § 1915(g), you must notify the court by filing a letter with the Clerk of Court on or before **2/22/2022**. If you write such a letter, this case will be dismissed without prejudice. Voluntary dismissal will not be counted as a "strike" under § 1915(g). Whether you voluntarily dismiss your case or you elect to proceed with your case, under §1915(b)(1) you will be required to pay the $350 filing fee. If you do not voluntarily dismiss your case and you do not pay the initial partial filing fee by the deadline stated below, the court will dismiss your case without prejudice and without any additional warning to you. You may refile your case at any time, subject to the applicable statute of limitations.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Hawk is assessed **$35.81** as an initial partial payment of the $350.00 fee for filing this case. On or before **2/22/2022**, the court must receive the plaintiff's initial partial filing fee of **$35.81.** If Hawk encounters challenges in requesting payment from his account or is otherwise not able to submit the assessed amount, he must notify the court before the deadline. If the court does not receive the initial partial filing fee by the deadline, the court will deny his motion to proceed without prepayment of the filing fee and will dismiss this action based on the plaintiff's failure to pay the filing fee.

**IT IS FURTHER ORDERED** that Hawk's motion to pay the filing fee (ECF No. 4) is **GRANTED in part and DENIED in part**. Hawk may not pay the full filing fee out of his release account. However, **if he lacks funds in his regular prisoner trust account**, he may pay the initial partial filing fee out of his release account. **To the extent Hawk does not have enough money in his regular account to make the initial partial payment, he is responsible**

3

for making arrangements with authorities to pay the remainder of the initial partial filing fee from the plaintiff's release account. Hawk is advised that the language of 28 U.S.C. ' 1915(b)(1) suggests that a prisoner's release account may be invaded to satisfy an initial partial filing fee only if insufficient funds are available in his regular account. *See Carter v. Bennett*, 399 F. Supp. 2d 936, 936–37 (W.D. Wis. 2005).

**IT IS FURTHER ORDERED** that, if by **2/22/2022** Hawk notifies the court in writing that he wants to voluntarily dismiss the case, the case will be closed without prejudice to the plaintiff filing this case at a later date. Voluntary dismissal will not be counted as a "strike" under § 1915(g); however, pursuant to 28 U.S.C. § 1915(b)(1), the plaintiff will be required to pay the full $350 statutory filing fee.

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where the inmate is confined.

**IT IS FURTHER ORDERED** that no further action will be taken in this case until the deadline for paying the initial partial filing fee as directed above has passed.

In addition, *the parties must notify the Clerk of Court of any change of address.* Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties. Therefore, failure to provide your correct address could result in dismissal of your case for failure to prosecute.

Dated at Milwaukee, Wisconsin this 20th day of January, 2022.

BY THE COURT

*s/ Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge