# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

RYAN HAWK,

    **Plaintiff,**

v.                                 **Case No. 22-CV-064**

TRACY THOMPSON, LUDWIG SCHNEIDER,
JOHN DOE, JANE DOE, JON NOBLE,
and REILLY,

    **Defendants.**

---

## ORDER SCREENING THE COMPLAINT

---

On January 18, 2022, plaintiff Ryan Hawk, who is incarcerated at Kettle Moraine Correctional Institution and representing himself, filed a complaint under 42 U.S.C. § 1983 alleging that the defendants violated his constitutional rights. (ECF No. 1.) He also filed a motion for leave to proceed without prepayment of the filing fee. (ECF No. 2.) This case is now before the court on Hawk's motion for leave to proceed without prepayment of the filing fee and for screening of his complaint.

The court has jurisdiction to resolve Hawk's motion to proceed without prepaying the filing fee and to screen the complaint in light of Hawk's consent to the full jurisdiction of a magistrate judge and the Wisconsin Department of Justice's limited consent to the exercise of magistrate judge jurisdiction as set forth in the

Memorandum of Understanding between the Wisconsin Department of Justice and this court.

## MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING THE FILING FEE

The Prison Litigation Reform Act (PLRA) applies to this case because Hawk was a prisoner when he filed his complaint. *See* 28 U.S.C. § 1915(h). The PLRA allows the court to give a prisoner plaintiff the ability to proceed with his case without prepaying the civil case filing fee. 28 U.S.C. § 1915(a)(2). When funds exist, the prisoner must pay an initial partial filing fee. 28 U.S.C. § 1915(b)(1). He must then pay the balance of the $350 filing fee over time, through deductions from his prisoner account. *Id.*

On January 18, 2022, Hawk filed a motion for leave to proceed without prepayment of the filing fee. (ECF No. 2.) On January 20, 2022, the court ordered Hawk to pay an initial partial filing fee of $35.81. (ECF No. 6.) Hawk paid that fee on February 8, 2022. The court will grant Hawk's motion for leave to proceed without prepaying the filing fee. He must pay the remainder of the filing fee over time in the manner explained at the end of this order.

## SCREENING THE COMPLAINT

*Federal Screening Standard*

The Prison Litigation Reform Act (PLRA) applies to this case because Hawk was incarcerated when he filed his complaint. The PLRA requires courts to screen complaints brought by prisoners seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss

2

a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under color of state law. *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes *pro se* complaints liberally and holds them to a less stringent

3

standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

*Hawk's Allegations*

On April 27, 2021, Hawk sent a Health Services Request (HSR) to the Health Services Unit (HSU) informing them that his heart hurt and had been hurting for approximately one year. (ECF No. 1 at 2.) On April 29, 2021, Hawk received notice from Ludwig Schneider that he had an appointment to see his medical provider, Tracy Thompson. (*Id.*) On May 10, 2021, Hawk sent another HSR complaining of heart pain and noting that he had an appointment to see Thompson. (*Id.*) On May 11, 2021, Hawk received a response from an unidentified defendant, Jane Doe, stating that he had an appointment set for May 17, 2021. (*Id.* at 2-3.)

Hawk's May 17th appointment was then rescheduled, and on May 18, 2021, he sent an HSR informing HSU staff that his appointment has been rescheduled three separate times and demanding to know when he was going to be seen in the HSU because his heart "feels funny". (*Id.* at 3.) He received a response from Reilly that same day informing him "that in the medical field things change from day to day and hour to hour and that [Hawk] will be seen by Thompson." (*Id.*) Hawk sent another HSR that same day complaining that he was being denied medical treatment for his heart. (*Id.*) Schneider responded on May 19, 2021 "making all kinds of excuses" but assuring Hawk he would be seen within ten days. (*Id.*)

On May 25, 2021, Hawk had an EKG done on his heart. (*Id.*) On June 2, 2021, Thompson sent Hawk a letter informing him that "he has a right bundle

4

branch block with a brady-cardia." (*Id.* at 4.) It is unclear from the complaint, but it appears that Thompson also ordered additional tests, and on June 10, 2021, Hawk sent an HSR asking about those test results. (*Id.*) On June 13, 2021, Hawk received a response from Burns informing him that a date for an appointment at an off-site clinic is being set. (*Id.*) Then on July 27, 2021, Hawk received a letter from Thompson stating that he will be seeing an electrophysiological cardiologist soon about his heart. (*Id.*) Hawk was not seen by the specialist until December 30, 2021. (*Id.*)

*Analysis*

Hawk claims the defendants were deliberately indifferent to his serious medical needs in violation of his Eighth Amendment rights. "A prisoner's claim for deliberate indifference must establish '(1) an objectively serious medical condition; and (2) an official's deliberate indifference to that condition.'" *Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012) (quoting *Arentt v. Webster*, 658 F.3d 742, 750 (7th Cir. 2011)). A prison official may be deliberately indifferent where "such delay 'exacerbated the injury or unnecessarily prolonged an inmate's pain." *Id.* (quoting *McGowan v. Hulick*, 612 F.3d 636, 640 (7th Cir. 2010)). The delay must be "inexplicable . . . [and] serve[] no penological interest." *Petties v. Carter*, 836 F.3d 722, 730 (7th Cir. 2016). Delays are common in prison settings, "and whether the length of the delay is tolerable depends on the seriousness of the condition and the ease of providing treatment." *Id.*

5

Hawk sufficiently alleges an objectively serious medical condition and also describes in detail how the defendants delayed his treatment. However, he does not allege how the delay impacted his condition. Specifically, he does not explain how the delay made his condition worse or caused him additional pain. He also does not explain what treatment he ultimately received in December 2021, which could shed light on the ease of providing treatment.

Accordingly, the court will provide Hawk an opportunity to amend his complaint to include these details. The court is enclosing a copy of its complaint form and instructions. Hawk must list all of the defendants in the caption of his amended complaint. He should use the spaces on pages two and three to allege the key facts that give rise to the claims he wishes to bring and to describe which defendants he believes committed the violations that relate to each claim. If the space is not enough, Hawk may use up to five additional sheets of paper. The amended complaint takes the place of the prior complaint and must be complete, without reference to his prior complaint. Hawk cannot simply say, "Look at my first complaint for further information." *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056-57 (7th Cir. 1998).

If Hawk does not file an amended complaint by the deadline specified below, the court will dismiss his case for failure to state a claim upon which relief may be granted.

**THEREFORE, IT IS ORDERED** that Hawk's motion for leave to proceed without prepaying the filing fee (ECF No. 2) is **GRANTED.**

**IT IS FURTHER ORDERED** that Hawk may file an amended complaint that complies with the instructions in this order on or before April 26, 2022. If Hawk files an amended complaint by the deadline, the court will screen the amended complaint under 28 U.S.C. § 1915A. If Hawk does not file an amended complaint by the deadline, the court will dismiss this case based on his failure to state a claim in his original complaint and will issue him a "strike" under 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED** that the Clerk's Office mail Hawk a blank prisoner complaint form and a copy of the guide entitled "Answers to Prisoner Litigants' Common Questions," along with this order.

**IT IS FURTHER ORDERED** that the agency having custody of Hawk shall collect from his institution trust account the $266.11 balance of the filing fee by collecting monthly payments from Hawk' prison trust account in an amount equal to 20% of the preceding month's income credited to Hawk' trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this case. If Hawk is transferred to another county, state, or federal institution, the transferring institution shall forward a copy of this order along with his remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where Hawk is confined.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions[1] must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the court to the following address:

> Office of the Clerk of Courts
> 517 E. Wisconsin Avenue, Room 362
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the matter.

Hawk is further advised that failure to make a timely submission may result in the dismissal of this case for failure to diligently pursue it. In addition, the parties must notify the Clerk of Court of any change of address. Hawk is reminded that it is his responsibility to promptly notify the court if he is released from custody or transferred to a different institution. Hawk' failure to keep the court advised of his whereabouts may result in the dismissal of this case without further notice.

---

[1] The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.

8

Dated at Milwaukee, Wisconsin this 11th day of April, 2022.

BY THE COURT:

_____
NANCY JOSEPH
United States Magistrate Judge