# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

RYAN HAWK,

    Plaintiff,

v.                                                       Case No. 22-CV-064

TRACY THOMPSON, JULIE LUDWIG,
SCHNEIDER, JANE DOE, JON NOBLE,
and REILLY,

    Defendants.

## ORDER SCREENING THE COMPLAINT

On January 18, 2022, plaintiff Ryan Hawk, who is incarcerated at Kettle Moraine Correctional Institution and representing himself, filed a complaint under 42 U.S.C. § 1983 alleging that the defendants violated his constitutional rights. (ECF No. 1.) On April 11, 2022, the court screened his complaint and found that Hawk did not provide enough detail for the court to determine if he stated a claim. (ECF No. 8.) As such, the court gave Hawk the opportunity to amend his complaint. Hawk filed his amended complaint on April 22, 2022. (ECF No. 9.)

The court has jurisdiction to screen the amended complaint in light of Hawk's consent to the full jurisdiction of a magistrate judge and the Wisconsin Department of Justice's limited consent to the exercise of magistrate judge jurisdiction as set

forth in the Memorandum of Understanding between the Wisconsin Department of Justice and this court.

## SCREENING THE AMENDED COMPLAINT

*Federal Screening Standard*

The Prison Litigation Reform Act (PLRA) applies to this case because Hawk was incarcerated when he filed his complaint. The PLRA requires courts to screen complaints brought by prisoners seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference

2

that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under color of state law. *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes *pro se* complaints liberally and holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

*Hawk's Allegations*

On April 27, 2021, Hawk sent a Health Services Request (HSR) to the Health Services Unit (HSU) informing them that his heart hurt and had been hurting for approximately one year. (ECF No. 9 at 2-3.) On April 29, 2021, Hawk received notice from Schneider that he had an appointment to see his medical provider, Tracy Thompson. (*Id.* at 3.) On May 10, 2021, Hawk sent another HSR complaining of heart pain and noting that he had an appointment to see Thompson. (*Id.*) On May 11, 2021, Hawk received a response from an unidentified defendant, Jane Doe, stating that he had an appointment set for May 17, 2021. (*Id.* at 2-3.)

Hawk's May 17th appointment was then rescheduled, and on May 18, 2021, he sent an HSR informing HSU staff that his appointment has been rescheduled three separate times and demanding to know when he was going to be seen in the

3

HSU because his heart "feels funny". (*Id.*) He received a response from Reilly that same day informing him "that in the medical field things change from day to day and hour to hour and that [Hawk] will be seen by Thompson." (*Id.* at 4.) Hawk sent another HSR that same day complaining that he was being denied medical treatment for his heart. (*Id.*) Julie Ludwig responded on May 19, 2021 "making all kinds of excuses" but assuring Hawk he would be seen within ten days. (*Id.*) Hawk states that he was in pain and suffered stress that he otherwise would not have had his appointments not been continuously delayed. (*Id.*)

On May 25, 2021, Hawk had an EKG done on his heart. (*Id.*) He also received a heart monitor, and on June 27, 2021, the results of his heart monitor indicated that possibly has "Brugada Syndrome". (*Id.*) However, as of April 18, 2022, he still has not had the appropriate tests to rule out Brugada Syndrome, which can be fatal. (*Id.* at 5.) Hawk states that the delays have increased his emotional distress.

*Analysis*

Hawk claims the defendants were deliberately indifferent to his serious medical needs in violation of his Eighth Amendment rights. "A prisoner's claim for deliberate indifference must establish '(1) an objectively serious medical condition; and (2) an official's deliberate indifference to that condition.'" *Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012) (quoting *Arentt v. Webster*, 658 F.3d 742, 750 (7th Cir. 2011)). A prison official may be deliberately indifferent where "such delay 'exacerbated the injury or unnecessarily prolonged an inmate's pain." *Id.* (quoting *McGowan v. Hulick*, 612 F.3d 636, 640 (7th Cir. 2010)). The delay must be

4

"inexplicable . . . [and] serve[] no penological interest." *Petties v. Carter*, 836 F.3d 722, 730 (7th Cir. 2016). Delays are common in prison settings, "and whether the length of the delay is tolerable depends on the seriousness of the condition and the ease of providing treatment." *Id.*

Hawk states an Eighth Amendment claim against Jane Doe, Reilly, Julie Ludwig, Schneider, and Tracey Thompson. He sufficiently alleges an objectively serious medical condition. He also states that these defendants caused delays in treating his heart condition that prolonged his pain and caused emotional distress.

However, Hawk may not proceed against Jon Noble, because he does not include any allegations against him. Finally, because Hawk names a Doe defendant, he will need to send the named defendants discovery requests to identify the real name of Jane Doe. Once the named defendants answer the complaint, the court will issue a scheduling order providing more information about identifying Jane Doe.

**IT IS THEREFORE ORDERED** that Jon Noble is **DISMISSED**.

Under an informal service agreement between the Wisconsin Department of Justice and this court, a copy of the complaint and this order have been electronically transmitted to the Wisconsin Department of Justice for service on defendants Reilly, Julie Ludwig, Schneider, and Tracey Thompson. It is **ORDERED** that, under the informal service agreement, those defendants shall file a responsive pleading to the complaint within 60 days.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the court enters a scheduling order setting deadlines for discovery and

dispositive motions. After the court enters the scheduling order, Hawk may make discovery requests (written questions or requests for documents) on the named defendants in an effort to identify the real name of Jane Doe. Once he knows the real name of the Doe defendant, he should file a motion identifying her real name. Again, Hawk should not serve any discovery request upon the named defendants until *after* the court enters a scheduling order.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions[1] must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the court to the following address:

>Office of the Clerk of Courts
>517 E. Wisconsin Avenue, Room 362
>Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the matter.

Hawk is further advised that failure to make a timely submission may result in the dismissal of this case for failure to diligently pursue it. In addition, the parties must notify the Clerk of Court of any change of address. Hawk is reminded that it is his responsibility to promptly notify the court if he is released from custody or transferred to a different institution. Hawk' failure to keep the court

---

[1] The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.

6

Case 2:22-cv-00064-NJ    Filed 06/23/22    Page 6 of 7    Document 10

advised of his whereabouts may result in the dismissal of this case without further notice.

Dated at Milwaukee, Wisconsin this 23rd day of June, 2022.

BY THE COURT:

_____
NANCY JOSEPH
United States Magistrate Judge

7